**Leon Sabra BLATT, Plaintiff— Appellant,**

v.

**SEATTLE POLICE DEPARTMENT; et al., Defendants—Appellees.**

No. 04–35986.

United States Court of Appeals, Ninth Circuit.

Submitted June 12, 2006.*

Filed June 23, 2006.

Leon Sabra Blatt, Seattle, WA, pro se.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Stephen P. Larson, Esq., Stafford Frey Cooper, John R. Zeldenrust, Esq., Seattle, WA, for Defendants—Appellees.

Before: WALLACE, KLEINFELD, and BERZON, Circuit Judges.

### MEMORANDUM **

Former prisoner Leon Sabra Blatt appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging defendant employees of the Seattle jail and police force deprived Blatt of his civil rights in connection with his arrest and detention on suspicion of domestic violence. We have jurisdiction under 28 U.S.C. § 1291. We review for abuse of discretion. *See Fed. Sav. & Loan Ins. Corp. v. Molinaro*, 889 F.2d 899, 903 (9th Cir.1989). We affirm.

Blatt's sole contention on appeal is that the district court erred by not considering Blatt's untimely opposition to defendants' motion for summary judgment. Blatt filed a motion to extend time to file his opposition after the deadline for filing the opposition had expired. The district court considered the lengthy procedural history of this case, and properly concluded Blatt failed to show excusable neglect in support of his untimely request to file the opposition. *See Bateman v. United States Postal Service*, 231 F.3d 1220, 1223–24 (9th Cir.2000); *cf. Comm. for Idaho's High*

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

*Desert, Inc. v. Yost,* 92 F.3d 814, 824 (9th Cir.1996) (motion filed after expiration of a deadline properly construed as a motion for enlargement of time under Fed. R.Civ.P. 6). Moreover, the district court did not abuse its discretion in failing to consider the untimely opposition. *See Bateman,* 231 F.3d at 1223–24.

We further note that even if Blatt's untimely opposition is considered, summary judgment was proper, because Blatt failed to raise a genuine issue of material fact sufficient to defeat summary judgment. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

Blatt's remaining contentions lack merit.

We grant appellees' request to strike evidence not submitted to the district court.

**AFFIRMED.**